UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GS HOLISTIC, LLC,

Plaintiff,

v.

RANYA AND DANIA LLC, et al.

Defendants.

CASE NO. C23-5180JLR

ORDER

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion to deem its response to the court's order to show cause timely filed (Mot. (Dkt. # 10)), which the court construes as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). The court has reviewed GS Holistic's motion, its submissions in support of the motion, and the governing law. Being fully advised, the court GRANTS GS Holistic's motion.

On March 22, 2023, the court entered an order directing GS Holistic to show cause by no later than March 31, 2023, why the court should not dismiss this case without

prejudice as duplicative of *GS Holistic, LLC v. Ranya and Dania LLC*, No. C23-5179JLR (W.D. Wash.). (OSC (Dkt. # 7).) When GS Holistic did not timely respond to the order to show cause (*see* Dkt.), the court dismissed this case without prejudice (4/3/23 Order (Dkt. # 8)) and entered judgment (Judgment (Dkt. # 9)).

GS Holistic filed this motion on April 5, 2023. (Mot.) Counsel for GS Holistic explains that the deadline to respond to the court's order "was never saved in [his] calendar," contrary to his firm's protocol, and he was "out of the office that day." (Mot. ¶ 4.) He asks the court to deem GS Holistic's response to the order to show cause timely filed because it is "only late by a few days" and he acted quickly once he learned that the case had been dismissed. (*Id.* ¶ 5.) In its proposed response to the order to show cause, GS Holistic explains that although the complaints in the two cases at issue list the same Defendants and involve the same trademarks, they relate to actions taken at two different stores owned by Defendants. (OSC Resp. (Dkt. # 10-1); *compare* Compl. (Dkt. # 1) ¶ 5, *with* Compl., *GS Holistic, LLC v. Ranya and Dania LLC*, No. C23-5179JLR (W.D. Wash. Mar. 6, 2023), Dkt. # 1, ¶ 5.)

Federal Rule of Civil Procedure 60(b)(1) provides that, "on motion and just terms," the court may relieve a party from a final judgment based on mistake, inadvertence, or excusable neglect. Fed. R. Civ. P. 60(b). In light of the very recent filing of this matter, the court concludes that it is appropriate to GRANT GS Holistic's motion for relief from judgment (Dkt. # 10) and VACATE the April 3, 2023 judgment (Dkt. # 9). The court ADMONISHES GS Holistic that it must, in the future, comply with

(1) all deadlines set in the many cases that it has filed in this District, (2) the Federal Rules of Civil Procedure, and (3) the court's Local Civil Rules.[1]

Dated this 5th day of April, 2023.

JAMES L. ROBART
United States District Judge

[1] For example, the Local Civil Rules require that each motion or brief filed in a case "shall include the certification of the signer as to the number of words, substantially as follows: 'I certify that this memorandum contains ____ words, in compliance with the Local Civil Rules.'" Local Rules W.D. Wash. LCR 7(e)(6). GS Holistic's motion does not include this certification. (*See* Mot.) Failure to follow the Local Civil Rules in the future may result in the noncompliant motion or brief being stricken from the docket.